**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3505
_____

DANTE BURTON,
                                   Appellant

v.

RHU SGT. WATSON

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-00205)
Magistrate Judge:  Honorable Richard A. Lanzillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2020

Before: GREENAWAY, JR., KRAUSE and BIBAS, <u>Circuit Judges</u>

(Opinion filed: December 9, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Dante Burton appeals from the judgment entered against him by the District Court following a jury trial in this civil rights action that Burton brought pursuant to 42 U.S.C. § 1983. For the reasons discussed below, we will affirm.

I.

In May 2018, Burton filed his complaint in the Erie County Court of Common Pleas. He alleged that while he was in the Restricted Housing Unit ("RHU") at SCI-Albion, RHU Sergeant Watson was deliberately indifferent to his medical needs, in violation of his Eighth Amendment rights. Watson removed the case to the District Court. The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the case proceeded to a jury trial.

At trial, Burton testified that on October 12, 2017, Watson ignored his pleas to see psychological staff and his threats to harm himself. Burton cut his arm and showed his wounds to Watson, who ignored him. Burton's wounds were not addressed until several hours later by other prison staff. In contrast, Watson testified that Burton never said that he intended to harm himself. Watson did not observe any injuries to Burton's arm, and medical staff later observed only superficial scratches to Burton's arm.

Burton attempted to impeach Watson's testimony with various documents that Burton argued were prior inconsistent statements. The District Court permitted Burton to use some of those documents, including grievance records and some of Watson's answers to interrogatories. Over Burton's objections, the District Court denied admission of other

2

documents, including parts of Watson's answer to the complaint. The jury found that Watson was not deliberately indifferent to Burton's medical needs and returned a unanimous verdict in favor of Watson. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. Burton's brief consists of only a few paragraphs, arguing that the District Court improperly "limited Plaintiff's right to impeach" by "not allowing Plaintiff to show all the inconsistencies" in the "answer and other documents filed with the court." Appellant's Br. at 3. The brief fails to argue how the District Court erred in limiting the introduction of any specific statement in any of those documents. While Burton attached excerpts of the trial transcripts to his brief, there is a compelling argument that his filings have failed to preserve any issues for appellate review. See, e.g., Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks omitted)); Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) ("To be preserved, all arguments must be supported specifically by 'the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" (quoting Fed. R. App. P. 28(a)(8)(A))). Moreover, to the extent that Burton challenges the sufficiency and/or weight of the evidence at trial, see Appellant's Br. at 5, he cannot pursue these issues on appeal because he did not move for judgment as a matter of law at the close of the evidence or

3

file a post-verdict motion.  See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006) ("[A] party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court.").

To the extent that Burton has preserved his legal objections to the District Court's evidentiary rulings,[1] we discern no error.  See Marra v. Phila. Hous. Auth., 497 F.3d 286, 297 (3d Cir. 2007) ("We review a district court's decision to admit or exclude evidence for abuse of discretion, although our review is plenary as to the district court's interpretation of the Federal Rules of Evidence.").  The District Court properly denied admission of various documents that Burton attempted to introduce as evidence of Watson's prior inconsistent statements, as those documents were not authored by Watson (such as the DOC Code of Ethics), or they were not inconsistent with his testimony, or Watson was not afforded an opportunity to "explain or deny the statement."  Fed. R. Evid. 613(b).  Moreover, Burton was permitted to cross-examine Watson with various documents that contained inconsistencies, including grievance records and some of Watson's answers to interrogatories.  Thus, the District Court did not err, let alone commit reversible error, in concluding that the excluded documents were also needlessly cumulative.  See Fed. R. Evid. 403; GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 88

---

[1] "*Unitherm* does not bar properly preserved claims of error that do not challenge the sufficiency of the evidence."  Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 160 (4th Cir. 2012); see Pediatrix Screening, Inc. v. TeleChem Int'l, Inc., 602 F.3d 541, 546–47 & n.10 (3d Cir. 2010), overruled on other grounds by Ortiz v. Jordan, 562 U.S. 180 (2011).

(3d Cir. 2019) ("We will not reverse if the District Court's error was harmless, that is, 'if it is highly probable that the error did not affect the outcome of the case.'") (citation omitted).

Accordingly, we will affirm the judgment of the District Court.